CITIZENS NATIONAL BANK ET AL. *v.* J. P. DRONILLARD.

[Abstract Kentucky Law Reporter, Vol. 6—588, 597.]

**Setting Aside a Judgment by Non-Resident.**

A defendant constructively summoned has a right to come in within five years and, by presenting a defense, to open any judgment entered against him.

**Paying Dividends Out of Principal.**

An association of men has no right to declare and pay dividends when there has been no net profits to authorize the dividends. Dividends paid or credited out of the principal of a fund are illegal as against general creditors.

APPEAL FROM CAMPBELL CIRCUIT COURT.

February 7, 1885.

OPINION BY JUDGE HINES:

In 1871, the Gaylord Iron & Pipe Company was organized and went into operation under a charter granted by the legislature of this state. It was the consolidation of these interests: The firm of T. G. Gaylord & Co., the Kenton Iron Company, and the Wayne Furnace. The aggregate value of the several interests as agreed upon and entering into the new company was $539,500.00, the capital stock was fixed at $655,500, the $539,500 forming a part thereof; T. G. Gaylord owning $510,000, par value of the stock. It was agreed that Gaylord would put into the company one hundred thousand or two hundred thousand dollars in cash, the evidence varying as to the amount. He put in no cash but in lieu thereof put in certain evidences of debt, the exact value of which the record does not show. In January 1873 the company declared about the same time, two dividends amounting to twenty seven per cent. of the stock. The dividend due Gaylord by agreement was passed to his credit on the books of the company, he to receive eight per cent. thereon, and the dividend to the other stockholders was paid to them. In October 1873 the company being embarrassed, transferred all its property to trustees to be managed in the interest of the creditors, and by the agreement the creditors were divided into three classes:

1. Those who held collateral security; 2. Those who had the individual endorsement of T. G. Gaylord; and 3. Those whose claims were against the company without security.

The trustees operated the business of the company under the assignment during a portion of the years 1874 and 1875, and in the latter year filed a suit in equity against the creditors, most of whom were non-residents, alleging that they were unable to conduct the business without an increasing loss to stockholders and creditors, and asking for the aid of the court in the distribution of the assets and for the winding up of the trust. The creditors being numerous the court appointed two of the second class to defend for all as authorized by the 25th Section of the present Code, which is to the effect that if the parties be numerous and the questions involve a common or general interest, one or more may sue or defend for all.

After this order was made the case proceeded, the non-residents being before the court by warning order only. The case was referred to the commissioner of the court to adjust and settle the claims of the company represented by the trustees and the several classes of creditors of the company. Appellee, Dronillard, one of the non-resident creditors of the third class before the court by warning only, came in by answer and cross-petition, alleging that the creditors of the second class were claiming the right to have the undistributed dividend of Gaylord appropriated to their debts, to the exclusion of the third class, alleging also that the claimed dividend was fraudulent and void because not based upon any net profits or gain made by the company. A demurrer to this answer and cross-petition was overruled, and it is objected that there was error in this because the principal questions had been decided by the court when appellee was before it by the repersentation of the parties appointed to stand instead of the numerous defendants constructively summoned by warning order. To this there are two answers, first, the parties appointed to defend represented the interest of the second class of creditors when their interests were antagonistic to and ncessarily in conflict with the interest of the third class of creditors represented by appellee; and second, because a defendant constructively summoned had a right to come in within five years, and by presenting a defense, to open any judgment entered against him.

On the answer and cross-petition of appellee the court directed the commissioner to ascertain the condition of the company, as to its solvency, at the time dividends were declared, what it owed, what its property was worth, and what its property amounted to independently of what was necessary to operate.

The report shows liabilities above assets to the amount of $145,-089.10.

It is to the judgment of the court in overruling exceptions to this report that objections are strenuously pressed. From a careful examination of the evidence bearing upon the whole case and upon each exception, I am of the opinion that the report of the commissioner on which the judgment is based is substantially correct, defective only in failing to make the liabilities of the company greater than reported.

The company went into business without cash capital and in less than two years thereafter declared a dividend of twenty seven per

cent. without cash on hand or available means to pay the dividends. In less than a year after declaring the dividends the company was compelled to make an assignment having liabilities of over a million dollars. The fixed property of the company was valued at the time of the dividends for about three hundred thousand dollars more than it was worth.

It is evident that Gaylord, the owner of five-sixths of the stock, insisted upon the declaration, as necessary to give the company good commercial standing. This general statement of facts is sufficient to show that, at the time dividends were declared, there were no net profits to authorize them. It is only the net gain that in any event can be distributed as dividends. They can in no case be paid out of the capital contributed to or out of the means necessary to the conduct of the business.

Judgment *affirmed.*

*Benton & Benton, for appellants.*

*W. H. McKay, Thomas M. McDugal, for appellee.*